**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

```
_____ :
                                  :
JACKIE K ROBINSON,                :
                                  :        Civil Action No.
              Petitioner,         :        11-0012 (RBK)
                                  :
         v.                       :        MEMORANDUM OPINION
                                  :        AND ORDER
WARDEN DONNA ZICKEFOOSE,          :
                                  :
              Respondent.         :
_____ :
```

This matter is before the Court upon Petitioner's submission of an application seeking habeas corpus relief ("Petition"), and it appearing that:

1.    The Petition was executed pursuant to 28 U.S.C. § 2241. See Docket Entry No. 1.  The Petition challenges Petitioner's conviction entered, on the basis of Petitioner's guilty plea, by the United States District Court for the Eastern District of Pennsylvania ("EDPA") in 1993;[1] the Petition sets forth three arguments.  See id.  The first argument asserts that the statements Petitioner made during his plea allocution were insufficient to find him guilty of "using and carrying" –

---

[1] Petitioner "pled guilty to conspiracy to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. § 846, a RICO violation, in violation of 18 U.S.C. § 1962(c), and carrying *and* using a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c)."  United States v. Robinson, 2002 U.S. Dist. LEXIS 16551, at *1 (E.D. Pa. Sept. 4, 2002) (emphasis supplied).

rather than merely "carrying" – a firearm in connection with his drug trafficking, that is, within the meaning of the term "using" explained in <u>Bailey v. United States</u>, 516 U.S. 137 (1995), a Supreme Court decision entered after Petitioner's conviction. <u>See</u> Docket Entry No. 1, at 9. Petitioner's second argument asserts that Petitioner's indictment was deficient, while his third argument maintains that his defense counsel provided him with ineffective assistance. <u>See</u> <u>id.</u> at 10-15. Each of these arguments closes with a request for <u>vacatur</u> of Petitioner's conviction and his immediate release. <u>See</u> <u>id.</u> at 9-15.

2.  In his Petition, Petitioner notes that he filed a Section 2255 motion with the EDPA, and that this motion was denied on April 22, 1997, but the Petition is silent as to the date of Petitioner's filing of his Section 2255 motion. <u>See</u> <u>id.</u> at 3. Petitioner, however, asserts that the three above-listed arguments were not previously presented to any other court and, in addition, his instant Petition is jurisdictionally proper because the Petition asserts a "new interpretation of statute" and, so, the Petition is Petitioner's "first opportunity to put [his challenges] before a court." <u>Id.</u> at 7.

3.  However, Petitioner's aforesaid statements are not reflective of the truth. In <u>United States v. Robinson</u>, 2002 U.S. Dist.

LEXIS 16551, the EDPA addressed Petitioner's post-2255 challenges (raised in Petitioner's motion for reduction of his sentence on the basis of Amendment 599 to the U.S. Sentencing Guidelines Manual); the EDPA detailed the relevant background as follows:

> On September 8, 1993, Robinson, a supervisor in the Mark Anthony Brown drug distribution organization. . . , pled guilty to conspiracy to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. § 846, a RICO violation, in violation of 18 U.S.C. § 1962(c), and carrying and using a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c). At the November 2, 1994 sentencing, this Court determined that Robinson's offense level was 38, with a two point enhancement for possessing a firearm. With a criminal history category of I and a base offense level of 40, Robinson received a 292 month prison sentence on the conspiracy and RICO counts, and a consecutive 60 month sentence on the firearms count. Robinson timely filed an appeal of his conviction and sentence. On May 31, 1995, the Third Circuit Court of Appeals affirmed Robinson's conviction and sentence. On March 7, 1997, Robinson filed a pro se [m]otion . . . [p]ursuant to 28 U.S.C. § 2255, which this Court dismissed on April 22, 1997. This [c]ourt also denied Robinson's certificate of appealability on July 23, 1997. The Third Circuit also denied Robinson's requests for certificates of appealability on September 17, 1997, [then, or repeated applications, on] August 7, 1998 . . . and [on] March 13, 2001. . . . The essence of Robinson's [motion for reduction of his sentence on the basis of Amendment 599] is that he would not have agreed to a stipulation that the conspiracy involved in excess of fifteen kilograms of cocaine if he had been adequately advised by his attorney of the sentence associated with that amount of drugs. What Robinson is arguing is ineffective assistance of counsel. Such a claim is appropriately raised in a Habeas Corpus petition pursuant to 28 U.S.C. § 2255. Because Robinson has previously filed a § 2255 motion, a second or

successive § 2255 motion must be approved by the
United States Court of Appeals for the Third
Circuit before it is filed. 28 U.S.C. § 2244(a).

Robinson, 2002 U.S. Dist. LEXIS 16551, at *1-2, 7-8; appeal
dismissed United States v. Robinson, 85 Fed. App'x 875 (3d
Cir. 2003).

4.   This Court is without jurisdiction, under § 2241, to entertain
the Petition at bar.  A court presented with a petition for
writ of habeas corpus "shall forthwith award the writ or issue
an order directing the respondent to show cause why the writ
should not be granted, unless it appears from the application
that the applicant or person detained is not entitled there."
28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to
dismiss summarily any habeas petition that appears legally
insufficient on its face."  McFarland, 512 U.S. at 856; see
also United States v. Thomas, 221 F.3d 430, 437 (3d Cir.
2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied,
490 U.S. 1025 (1985).

5.   Section 2241 of Title 28 of the United States Code provides in
relevant part:

        The writ of habeas corpus shall not extend to a
        prisoner unless-  .   .   .  He is in custody in
        violation of the Constitution or laws or treaties
        of the United States.

28 U.S.C. § 2241(c)(3).  As a result of the practical
difficulties encountered in hearing a challenge to a federal
sentence in the district of confinement rather than the

district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[2]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a

---

[2]  The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[3]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002).  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. (emphasis supplied).  Indeed, "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired,

---

[3]    The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.

6.   However, in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Court of Appeals held that the remedy provided by § 2255 is "inadequate or ineffective" (hence, permitting resort to § 2241, a statute without timeliness or successive petition limitations), where it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  See In re Dorsainvil, 119 F.3d at 251-52.[4]

7.   Here, two out of Petitioner's three arguments *clearly* fall outside the narrow exception carved out in Dorsainvil, since Petitioner's challenges to his indictment and to the alleged ineffectiveness of his counsel's assistance are not based upon any intervening Supreme Court interpretation of law. Correspondingly, Petitioner's arguments based on the alleged

---

[4]   The circumstances addressed in Dorsainvil were based on the holding of Bailey; the Supreme Court in Bailey held that a defendant could not be convicted of using a firearm during and in relation to a drug-trafficking crime under 18 U.S.C. § 924(c)(1) unless the government proved that the defendant "actively employed the firearm during and in relation to the predicate crime."  Dorsainvil, 119 F.3d at 247 (citation omitted).

deficiencies in his indictment and alleged ineffectiveness of his counsel's assistance should have been raised in Petitioner's Section 2255 motion, since § 2255 was not an inadequate or ineffective vehicle to raise these claims. Indeed, the EDPA *already expressly explained* the same to Petitioner when Petitioner raised his challenges to assistance of his counsel by repackaging them into a motion seeking relief pursuant to the Amendment 599.  See Robinson, 2002 U.S. Dist. LEXIS 16551, at 7-8.  Therefore, Petitioner's second and third argument are subject to dismissal for lack of § 2241 jurisdiction without any extensive discussion.

8.   The sole argument that warrants a more detailed examination is Petitioner's first argument, based on the holding of Bailey, i.e., the Supreme Court's case that gave rise to the Dorsainvil exception.[5]

---

[5] Notably, here, the circumstances of Petitioner's offense and conviction differ, quite dramatically, from those in Bailey, since the key underlying offenses in Petitioner's case were conspiracy to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. § 846, and a RICO violation, in violation of 18 U.S.C. § 1962(c), and the Supreme Court never ruled that these activities were "not a criminal conduct at all."  Here, Bailey comes into play solely with regard to Petitioner's sentence enhancement imposed by the EDPA, but even that sentence enhancement was imposed on the basis of Petitioner's "*carrying and* using a firearm," and Petitioner never asserted that he was not "carrying" a firearm.  Thus, the gist of Petitioner's Bailey argument effectively rides on a *pure hypothetical* that, had the EDPA enhanced Petitioner's sentence only on the grounds of his "carrying" a firearm, that enhancement would have produced a shorter prison term than the enhancement based on both "carrying and using" a firearm.  For this reason alone, Petitioner's

9.   In a case substantively indistinguishable from the one at bar,

the Court of Appeals stated as follows:

> In 2008, [petitioner] filed a habeas corpus
> petition under 28 U.S.C. § 2241 in the District
> Court for the Middle District of Pennsylvania
> seeking to challenge his conviction, imposed in
> 1990 in the District Court for the Eastern District
> of Virginia, for use of a firearm . . . in
> violation of 18 U.S.C. § 924(c)(1). [Petitioner]
> contends that he did not "use" a firearm as term is
> defined by <u>Bailey v. United States</u>, 516 U.S. 137
> (1995), and, therefore, he is actually innocent of
> the § 924(c) offense. The District Court ordered
> respondent to file an answer to the petition.
> Respondent argued that the petition should be
> dismissed because [petitioner] cannot show that his
> remedy under 28 U.S.C. § 2255 is inadequate or
> ineffective, and thus he cannot pursue relief under
> § 2241. The Magistrate Judge agreed, concluding
> that [petitioner] had ample opportunity to raise
> his <u>Bailey</u> claim previously, as he could have
> raised the claim in a § 2255 motion that he filed
> in the sentencing court in 1997. The District
> Court adopted that analysis and dismissed the §
> 2241 petition. [Petitioner] timely filed this
> appeal. . . . [W]e will summarily affirm the
> District Court's judgment because this appeal
> resents no substantial question. <u>See</u> 3d Cir. LAR
> 27.4 and IOP Ch. 10.6. As the Magistrate Judge
> fully and accurately explained, [petitioner] could
> have asserted his challenge to the § 924(c)
> conviction when he filed his § 2255 motion in the
> sentencing court *in March 1997, which was fifteen*
> *months after the <u>Bailey</u> decision was issued*.
> Section 2255 provides the presumptive means through
> which a federal prisoner must raise a challenge to
> a conviction. [<u>See</u>] <u>Okereke v. United States</u>, 307
> F.3d 117, 120 (3d Cir. 2002). Although a prisoner

---

<u>Bailey</u>-based argument is deficient. However, making the maximum
allowance possible to Petitioner in this matter, this Court
examines the jurisdictional validity of Petitioner's <u>Bailey</u>-based
challenge as if Petitioner's conviction was rendered solely on
the basis of Petitioner's "usage" of a firearm, rather than on
the bases of his conspiracy, RICO and "carrying" a firearm.

> may use § 2241 if § 2255 is shown to be "inadequate
> or ineffective," [petitioner] has not made this
> showing.  [Petitioner] makes no claim that he was
> unable to raise the legal and factual substance of
> his <u>Bailey</u> argument in the § 2255 proceeding, and
> he was not prevented by AEDPA's strict gatekeeping
> requirements from pursuing the claim at that time.
> [Petitioner], therefore, is not in the "unusual
> position" of having "had no earlier opportunity to
> challenge his conviction" in light of <u>Bailey</u>.  <u>In</u>
> <u>re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997).
> As such, his § 2241 petition was properly
> dismissed.  We will affirm the District Court's
> judgment.

<u>Davis v. Sniezek</u>, 390 Fed. App'x 59 (3d Cir. 2010) (footnotes

omitted, emphasis supplied).

10.   The circumstances at hand prompt an analysis identical to that

detailed in <u>Davis v. Sniezek</u>, 390 Fed. App'x 59.  Here,  just

as the petitioner in <u>Davis v. Sniezek</u>, Petitioner filed his §

2255 motion in March 1997, <u>see Robinson</u>, 2002 U.S. Dist. LEXIS

16551, at *1-2, <u>i.e.</u>, fifteen months after the Supreme Court

issuance of its <u>Bailey</u> decision.  Therefore, now, Petitioner

is not in the "unusual position" of having "had no earlier

opportunity to challenge his conviction" under <u>Bailey</u>: indeed,

he had that opportunity when he filed his § 2255 motion with

the EDPA, he just *did not take advantage* of that opportunity.

However, Petitioner's failure to raise his <u>Bailey</u> challenges

in his § 2255 motion did not transform Section 2255 into a

vehicle "inadequate" or "ineffective" to address Petitioner's

<u>Bailey</u>-based position.  Correspondingly, this Court has no

Section 2241 jurisdiction to address Petitioner's <u>Bailey</u>-based

claim in this action, and the Petition will be dismissed.

IT IS, therefore, on this ___25th___ day of ___July___, 2011,

ORDERED that the Petition for a Writ of Habeas Corpus, Docket Entry No. 1, filed pursuant to 28 U.S.C. § 2241, is dismissed for lack of jurisdiction;[6] and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and shall close the file on this matter.

s/Robert B. Kugler
**ROBERT B. KUGLER,**
**United States District Judge**

---

[6] Since Petitioner already filed a Section 2255 motion with the EDPA, this Court finds it not in the interests of justice to construe the Petition as a Section 2255 motion and, thus, will not forward it to the EDPA.  Analogously, in light of the Court of Appeals' three denials of Petitioner's requests for certificate of appealability as to the EDPA's dismissal of his § 2255 motion, the Court finds it not in the interests of justice to construe the Petition as an application for leave to file second/successive § 2255 petition and, thus, will not direct transfer of the Petition to the Court of Appeals.  However, this Court's decision not to transfer the Petition should not be construed as barring Petitioner from seeking leave from the Court of Appeals to file his second/successive § 2255 motion with the EDPA, that is, in the event Petitioner elects to do so.  That being said, no statement made in this Memorandum Opinion and Order shall be construed as expressing this Court's opinion that Petitioner's application for such leave should be deemed valid (or invalid), either procedurally or substantively, or that Petitioner's second round of § 2255 challenges, if entertained by the EDPA, should (or should not) be found meritorious.